**FILED**
U.S. IN CLERK'S OFFICE
DISTRICT COURT E.D.N.Y.

★ MAY 18 2015 ★

BROOKLYN OFFICE



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X

MAGALY E. HERIVEAUX,

                        Plaintiff,

                    -against-

THE SECRETARY OF DEFENSE,

                      Defendant.

------------------------------------------------------------X

**MEMORANDUM AND ORDER**
15-CV-340 (ENV)

VITALIANO, United States District Judge.

On April 23, 2015, the Court received a "Notice of Motion" and "Affirmation/Affidavit" from plaintiff which the Court liberally construes as a motion for reconsideration, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.[1] For the following reasons, the motion is denied.

---

[1] Motions for reconsideration may be brought pursuant to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure ("Rule" or "Rules") and 6.3 of the Local Rules for the United States District Courts for the Southern and Eastern Districts of New York. Shearard v. Geithner, No. 09 CV 0063, 2010 WL 2243414, at *1 (E.D.N.Y. May 30, 2010). Local Rule 6.3 provides that a notice of motion for reconsideration or reargument of a court order shall be served within 14 days after the entry of the judgment. Rule 59(e) permits a party to seek reconsideration of a court's judgment so long as the party files its "motion to alter or amend a judgment ... no later than 28 days after the entry of judgment." If the Rule 59(e) motion is not timely filed, then the motion to reconsider will be treated as a Rule 60(b) motion. See United States v. Clark, 984 F.2d 31, 32 (2d Cir. 1993).

1

## Background

Plaintiff Magaly E. Heriveaux filed this *pro se* action January 16, 2015. On February 4, 2015, plaintiff filed an "Addendum/Affirmation," which the Court liberally construed as an amended complaint. By its Memorandum and Order of February 7, 2015, the Court dismissed the complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Plaintiff now seeks to reopen and restore this action.

## Discussion

Rule 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). A motion filed pursuant to Rule 60(b) for one of the first three enumerated reasons must be filed "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

For all other reasons, including subsection four and the catch-all subsection six, a Rule 60(b) motion must be filed "within a reasonable time." Id.

The decision to grant or deny a motion for reconsideration "is within the sound discretion of the district court, . . . and is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." Mangino v. Inc. Village of Patchogue, 814 F.Supp.2d 242, 247 (E.D.N.Y. 2011) (internal citations and quotation marks omitted). See also Hidalgo v. New York, No. 11 CV 5074, 2012 WL 3598878, at *1 (E.D.N.Y. Aug. 20, 2012).

Generally, a motion for reconsideration will be denied unless the moving party can point to controlling decisions or data that the court overlooked— matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." SBC 2010–1, LLC v. Morton, Nos. 13–714 (L), 13–1161(Con), 2013 WL 6642410, at *1 (2d Cir. Dec. 18, 2013) (quoting Shrader v. CSX Transp. Inc., 70 F.3d 255, 257 (2d Cir. 1995)). It is "well-settled" that a motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (quoting Sequa

Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998)), as amended (July 13, 2012), cert. denied, 569 U.S. ———, 133 S.Ct. 1805 (2013). See also Kruger v. Virgin Atlantic Airways, Ltd., No. 11 CV 2954, 2013 WL 6795251, *1 (E.D.N.Y. 2013).

Heriveaux's motion for reconsideration fails to point to any authority or evidence that the Court overlooked in dismissing her action. To the contrary, her submission again contains meaningless statements concerning threats and actions that have allegedly been made against her. For instance, Heriveaux states that

> [a]s of April 22, 2015, it has been approximately one hundred and thirty-five (135) days and my legal situation is still unresolved, despite providing six (6) prior conscionable, combined deadlines and one current equitable deadline (FEMA), to have these activities discontinue, in the portal, due to having more than ninety (90) individuals, having access to these technological devices.

Mtn. for Reconsideration at 1. Plaintiff again seeks to "have the portal (technological abuse) shut down and ensure that all activities cease, so that my safety is taken into consideration." Id. at 4. As plaintiff's motion does not contain any meaningful or substantive reason to reopen the case, the motion is denied.

Conclusion

Accordingly, plaintiff's motion for reconsideration under Rule 60(b) is denied. Plaintiff is advised that if she continues to waste the Court's resources with frivolous motions or other filings concerning this closed matter, she may be subjected to sanctions and restrictions on her ability to file.[2]

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore IFP status is denied for the purpose of any appeal. <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to maintain this case on the closed docket.

So Ordered.

s/Eric N. Vitaliano

_____
ERIC N. VITALIANO
United States District Court

Dated:       Brooklyn, New York
             May 11, 2015

_____

[2] Plaintiff has filed two other similar complaints in this Court in recent months, which are likewise nonsensical and frivolous. See <u>Heriveaux v. FEMA</u>, 15-CV-2326 (ENV) (dismissed May 10, 2015) and <u>Heriveaux v. Fed. Gov't.</u>, 14-CV-7105 (ENV) (dismissed Dec. 11, 2014; Motion for Reconsideration pursuant to Fed.R.Civ.P. 59(e) denied Feb. 24, 2015; Motion for Reconsideration pursuant to Fed.R.Civ.P. 60(b) pending).

5